UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                          Criminal No. 15-cr-20077

v.                                                   Hon. Bernard A. Friedman

SARONTAY DEON BANKS,

        Defendant.

_____/

## OPINION AND ORDER DENYING MOTION TO REDUCE SENTENCE

This matter is before the Court on a motion for sentence reduction filed by defendant Sarontay Deon Banks in December 2021. (ECF No. 305).[1] In February 2022, the Court granted the government's motion to adjourn the briefing schedule pending resolution of an intra-circuit split on relevant caselaw. (ECF No. 310). On July 10, 2023, the Court ordered the government to provide a status report in the case. (ECF No. 353). The government did so on July 13, 2023. (ECF No. 354). Noting that the intra-circuit split has been resolved, the government urges the Court to deny the motion. (*Id.*). The Court invited Banks to respond, (ECF No. 357), but

---

[1] The heading of this motion also seeks appointment of counsel. (ECF No. 305, PageID.1589). Another motion, dated the same day, was also filed solely seeking appointment of counsel. (ECF No. 306). The Court has already entered an Order, (ECF No. 308), denying Banks's request for appointment of counsel as presented in the stand-alone motion. The same reasoning applies to the one-line request for counsel made in the instant motion.

1

the time to do so has passed without any submission from Banks. The Court shall decide the motion without a hearing. E.D. Mich. LR 7.1(f). The motion is denied.

Banks seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) based on a non-retroactive change in sentencing law and his rehabilitation while in prison. (ECF No. 305, PageID.1591-96). He urges that he was sentenced as a career offender, which roughly doubled his Guidelines range. (*Id.*, PageID.1591-92). Banks argues that under *United States v. Camp*, 903 F.3d 594 (6th Cir. 2018), decided months after Banks was sentenced, if he were re-sentenced today his conviction for conspiracy to commit Hobbs Act robbery would not qualify as a crime of violence for purposes of the Guidelines, he would accordingly not be characterized as a career offender, and his sentence would be significantly shorter. *See* (ECF No. 305, PageID.1592-93). Banks further urges that because he was sentenced as a career offender, his sentence is significantly longer than that of his codefendants. (*Id.*, PageID.1593-94).

Under 18 U.S.C. § 3582(c)(1)(A)(i), the Court may reduce a term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a) if it finds that "extraordinary and compelling reasons warrant such a reduction."

As the government notes in its status report, the Sixth Circuit has now resolved an intra-circuit split and "held that nonretroactive legal developments – like the one advanced by Mr. Banks – do not factor into the extraordinary and compelling

analysis." (ECF No. 354, PageID.1734) (citing *United States v. McCall*, 56 F.4th 1048 (6th Cir. 2022) (*en banc*)). In *United States v. McCall*, 56 F.4th 1048 (6th Cir. 2002) (*en banc*), the Sixth Circuit clearly stated that "nonretroactive changes in sentencing law cannot be 'extraordinary and compelling reasons' that warrant relief." *Id.* at 1055. Furthermore, the Sixth Circuit reiterated that "[f]ederal sentencing law presumes that changes in sentencing law are not retroactive." *Id.* Banks has offered no argument as to how the Court could permissibly apply *Camp* retroactively, and so the holding of *Camp* may not be considered an extraordinary and compelling reason to justify relief.

While the Court commends Banks for any effort he has made towards rehabilitation, standing alone rehabilitation cannot constitute an extraordinary and compelling reason for compassionate release. *United States v. West*, 70 F.4th 341, 348 (6th Cir. 2023). Accordingly, it is hereby,

ORDERED that Banks's motion for sentence reduction (ECF No. 305) is DENIED.

SO ORDERED.

Dated: September 15, 2023  
Detroit, Michigan

s/Bernard A. Friedman  
Bernard A. Friedman  
Senior United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on September 15, 2023.

| | |
|---|---|
| **Sarontay Deon Banks** - #50975039<br>LEE U.S. PENITENTIARY<br>Inmate Mail/Parcels<br>P.O. BOX 305<br>Jonesville, VA 24263 | s/Johnetta M. Curry-Williams<br>Case Manager |